```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

ROLANDO MARTINEZ GARCIA

       Petitioners,

v.	Case No. 2:26-cv-10-JES-NPM

KELIE WALKER, et al.,

       Respondents.

_____/

## **OPINON AND ORDER**

Petitioner Rolando Martinez Garcia has filed a habeas corpus petition challenging the legality of his detention by immigration authorities. (Doc. 1). However, he fears that the government will execute a final removal order before this Court can decide whether his detention is lawful. To prevent that, Martinez Garcia has filed an Emergency Motion for Stay of Removal, asking this Court to administratively stay his removal from the United States and preserve jurisdiction over his case. (Doc. 5).

A federal district court has limited jurisdiction, and through the Immigration and Nationality Act (INA), Congress has explicitly stripped district courts of the power to stop the executive branch from executing a removal order. Because the Court lacks jurisdiction to do what the Martinez Garcia asks, his emergency motion must be denied.

### I. Background

Martinez Garcia is a native of Cuba who arrived in the United States during the Mariel boatlift in 1980. (Doc. 1 at 1). Upon arrival, he was paroled into the United States as a refugee. (Id.) At some point, he was ordered removed. (Id. at 2). Following his removal proceedings, Martinez Garcia was released under an order of supervision. (Id.) Martinez Garcia has not violated the terms of his supervision. (Id.) Nevertheless, when he appeared for his regularly scheduled meeting in compliance with the order of supervision on November 6, 2025, he was taken into custody without explanation and is being detained at Florida Soft Side South facility in Ochopee, Florida (Alligator Alcatraz). (Id.)

Martinez Garcia is seeking habeas relief, arguing that his detention is unlawful under the Due Process Clause. (Doc. 1 at 9). But litigation takes time, and Martinez Garcia believes that the government may be preparing to deport him elsewhere, which could moot his habeas petition. Thus, he asks this Court to intervene and stay his removal to "preserve" the proceedings here.

### II. Discussion

The relevant statute, 8 U.S.C. § 1252(g), imposes a strict limit on judicial power:

> Except as provided in this section and notwithstanding any other provision of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the

2

> Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Id. The Supreme Court has explained that § 1252(g) applies narrowly to three specific actions: commencing proceedings, adjudicating cases, and executing removal orders. See Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999).

Martinez Garcia essentially asks the Court to order the government not to remove him, albeit temporarily. His motion implicates § 1252(g) because an order staying removal is a challenge to the Attorney General's decision to "execute [a] removal order." 8 U.S.C. § 1252(g). The Eleventh Circuit has explicitly determined that § 1252(g) divests district courts of subject matter jurisdiction to review challenges to the execution of removal orders, including stays of any such orders. See Camarena v. Dir., Immigr. & Customs Enf't, 988 F.3d 1268, 1271–74 (11th Cir. 2021) (holding that § 1252(g) precluded relief on a habeas petition that sought to "stay [petitioner's] removal" pending resolution of her applications for administrative relief).

Martinez Garcia cannot overcome §§ 1252(g)'s bar by invoking the All Writs Act, 28 U.S.C. § 1651. He maintains that federal courts have the inherent power to issue writs "in aid of their respective jurisdictions." (Doc. 16 at 3). Martinez Garcia essentially argues that if he is deported, his habeas case regarding detention becomes moot; therefore, to save the habeas

3

case, the Court must stop the deportation. (Id. at 2-5).

But the All Writs Act only authorizes courts to issue writs to protect jurisdiction they *already* possess; it does not grant jurisdiction that Congress has expressly taken away. See Rohe v. Wells Fargo Bank, N.A., 988 F.3d 1256, 1264 (11th Cir. 2021). Consequently, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Penn Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985).

Here, we have such a statute. Section 1252(g) specifically addresses—and specifically bars—judicial review of the execution of removal orders. Thus, this Court cannot use the All Writs Act to seize a power that the INA expressly denies. See, e.g., Danglar v. McAleenan, No. 418CV01789RDPJEO, 2019 WL 7167589, at *1 (N.D. Ala. Nov. 21, 2019) ("[T]his court does not have jurisdiction to entertain any application seeking review, reopening, reconsideration, or a stay of the order of removal."); Oldaker v. Giles, 724 F. Supp. 3d 1315, 1340 (M.D. Ga. 2024) (recognizing that, while "the Court has the authority to issue stays to protect its own jurisdiction," § 1252(g) expressly precludes granting "relief from any final valid removal orders").

### III. Conclusion

Martinez Garcia may proceed with his habeas challenge here. But if he wishes to pause execution of his removal order, he must

4

look elsewhere because this Court does not have jurisdiction to enter such an order.  See Lee v. U.S. Dep't of Just., No. 1:24-CV-984-ELR-JSA, 2024 WL 6081682, at *1-2 (N.D. Ga. Apr. 9, 2024) ("[T]he courts of appeals are the sole and exclusive means for judicial review of a removal order[.]").  For these reasons, Martinez Garcia's Emergency Motion for Stay of Removal (Doc. 5) is **DENIED**.

    **DONE AND ORDERED** in Fort Myers, Florida on January 16, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

5