UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROLANDO MARTINEZ GARCIA

      Petitioners,

v.                                          Case No. 2:26-cv-10-JES-NPM

KELIE WALKER, et al.,

      Respondents.

_____/

## ORDER FOR SUPPLEMENTAL BRIEFING

Petitioner Rolando Martinez Garcia has filed a petition for writ of habeas corpus challenging the legality of his detention by immigration authorities.  (Doc. 1).  Martinez Garcia was detained by immigration officials under an order of removal on October 31, 2025.  (Doc. 11 at 2.)

When he filed his petition on January 2, 2026, Martinez Garcia had been detained for fewer than 180 days.  However, as of the date of this Order, he has been detained for 194 days.  In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  Id. at 699.  The Zadvydas Court found it unlikely that

Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." Id. at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. Id. Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. Id.

Within **FIVE (5) DAYS** from the date of this Order, Respondents must explain how (and whether) Martinez Garcia's removal is likely in the reasonably foreseeable future.[1] Respondents must describe in detail all efforts made to secure Martinez Garcia's removal. If the government is unable to establish a significant likelihood or removal in the reasonably foreseeable future, Respondents shall

---

[1] See 8 C.F.R. 241.13(f) ("Factors for consideration [as to whether there is a significant likelihood of removing a detained alien]. The HQPDU shall consider all the facts of the case including, but not limited to, the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.").

advise the Court of whether they oppose Martinez Garcia's release from custody under appropriate conditions of supervision to be determined by ICE.  See 8 C.F.R. § 241.13(g)(1).

**DONE AND ORDERED** in Fort Myers, Florida on May 13, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

3